UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

THOMAS N. SIMSTAD, and      )
MARLA K. SIMSTAD,           )
                            )
            Plaintiffs,     )
                            )
        v.                  )   Case No. 2:07 CV 407
                            )
GERALD SCHEUB, et. al.,     )
                            )
            Defendants.     )

OPINION AND ORDER

This matter is before the court on the Lake County Defendants' Motion for Expedited Order to Stay Discovery filed by the defendants, Gerald Scheub, Ned Kovachevich, William Lain, Rick Niemeyer, and Lake County, on April 21, 2008 (DE 36) and the Defendant Gerald Scheub's Request for Extension of Time to Respond to Plaintiffs' Written Discovery, filed by the defendant, Gerald Scheub, on April 21, 2008 (DE 38). For the reasons set forth below, the motion to stay discovery is **GRANTED**. The motion for extension of time is **DENIED as moot**.

Background

In the First Amended Complaint, the plaintiffs allege that they are the developers of a 38-acre residential development in Lake County, Indiana called the Deer Ridge South Subdivision. The complaint details the project's history of appearances before the Lake County Advisory Planning Commission, whose members, Gerald Scheub, Ned Kovachevich, William Lain, and Rick Niemeyer, are

1

defendants in this matter. The plaintiffs allege that the project was subjected to repeated denials of primary plat approval on grounds that demonstrated a conspiracy and a RICO enterprise that violated the plaintiffs' first amendment rights, equal protection rights, their rights under the Indiana Constitution, as well as a series of state law theories. In fact, it appears that the relationship between the parties has been the subject of significant litigation in the state court.

In this matter, the Lake County defendants have filed a motion to dismiss asserting, among other defenses, that some claims are time barred and that the plaintiffs have not sufficiently plead a RICO violation. The defendants further contend that the court should abstain from exercising jurisdiction in this matter and that the individual defendants are entitled to qualified immunity. In their current motion, the defendants seek to stay discovery pending resolution of the motion to dismiss.

<u>Discussion</u>

The filing of a motion to dismiss by itself does not mandate a stay of discovery pending resolution of that motion, nor does the right to discovery continue in light of a pending dispositive motion. *In re Sulfuric Acid*, 231 F.R.D. 331, 336 (N.D. Ill. 2005); *Sprague v. Brook*, 149 F.R.D 575, 577-78 (N.D. Ill. 1993); *Walsh v Heilmann*, 472 F.3d 504, 505 (7th Cir. 2006). Rather, the determination to stay discovery is based upon the individual case

and whether ongoing discover is "unlikely to produce facts necessary to defeat the motion." *Sprague*, 149 F.R.D. at 577; *see also **Orlando Residence, Ltd., v. GP Credit Company***, LLC, 2006 WL 2849866 at *7 (E.D. Wis., Sept. 29, 2006)("Limitations on pretrial discovery are appropriate where claims may be dismissed based on legal determinations that could not have been altered by any further discovery.")(internal quotations and citations omitted).

Regarding the assertion of qualified immunity, in ***Harlow v. Fitzgerald***, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982), the Supreme Court made clear that "[u]ntil this threshold question is resolved, discovery should not be allowed." *See also **Landstrom v. Illinois Department of Children and Family Services***, 892 F.2d 670, 674 (7th Cir. 1990); ***Sprague***, 149 F.R.D. at 577; ***Hansen v. Cannon***, 26 Fed. Appx. 555, 558 (7th Cir. 2001)(noting that addressing qualified immunity may in some instances warrant limited discovery.)

In support of permitting discovery to continue, the plaintiffs' arguments primarily are grounded in the Supreme Court's descriptions of the abstention doctrine and the recognition that a Federal court has a "virtually unflagging obligation to exercise the jurisdiction given them." *See **Colorado River Water Conservation Dist. v. U. S.***, 424 U.S. 800, 817-818, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976). While this argument likely will become pertinent in response to the defendants' motion to dismiss, it is misplaced here. In fact, the argument

3

confuses the court's ability to schedule discovery in light of a pending motion to dismiss with the court's ability to decline jurisdiction through abstention. The district court will address abstention as well as the defendants' other grounds for dismissal. In the meantime, the plaintiffs have not shown that the resolution of those issues requires discovery. Accordingly, in light of *Harlow*, 457 U.S. at 818, 102 S.Ct. at 2738, this court agrees that discovery shall be stayed pending resolution of the defendants' motion to dismiss.

Because the court has stayed discovery, Scheub's separate motion seeking an extension of time in which to respond to written discovery is **DENIED as moot**.

———————————————————————

For the foregoing reasons, the Lake County Defendants' Motion for Expedited Order to Stay Discovery filed by the defendants, Gerald Scheub, Ned Kovachevich, William Lain, Rick Niemeyer, and Lake County, on April 21, 2008 (DE 36) is **GRANTED**. The motion for extension of time (DE 38) is **DENIED as moot**.

ENTERED This 29 April, 2008

/s/ Andrew P Rodovich
United States Magistrate Judge

4