UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| THOMAS N. SIMSTAD and<br>MARLA K. SIMSTAD, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | CAUSE NO. 2:07-CV-407-TS |
| GERALD SCHEUB, NED KOVACHEVICH,<br>WILLIAM LAIN, RICK NIEMEYER, in their<br>official and individual capacities,<br>LAKE COUNTY, INDIANA,<br>NORTHERN INDIANA PUBLIC SERVICE<br>COMPANY, NISOURCE, INC.,<br>NISOURCE CORPORATE SERVICES, INC., | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on a Motion for a Fed. R. Civ. P. 54(b) Finding [ECF No. 108], filed on November 3, 2010, by Northern Indiana Public Service Company, NiSource, Inc., and NiSource Corporate Services, Inc. (referred to collectively as the NIPSCO Defendants). As of the date of this Opinion and Order, the Plaintiffs have not responded to or otherwise opposed this Motion, and the time for responding has now passed.

On September 30, 2010, the Court issued an Opinion and Order granting in part and denying in part the Motion to Dismiss [ECF No. 34] filed by Defendants Gerald Scheub, Ned Kovachevich, William Lain, Rick Niemeyer, and Lake County, Indiana (referred to collectively as the Lake County Defendants), and granting in part and denying in part the NIPSCO Defendants' Motion to Dismiss [ECF No. 64]. The Court granted the NIPSCO Defendants' Motion to Dismiss as to the following issues: the Plaintiffs' § 1983 conspiracy claim (Count II); the Plaintiffs' RICO claim (Count V); the Plaintiffs' illegal conspiracy claim (Count VII); the

Plaintiffs' negligence per se claim (Count VIII); the Plaintiffs' tortious interference claim (Count IX); and the Plaintiffs' emotional distress claim (Count X). The Court denied the NIPSCO Defendants' Motion to Dismiss on the exhaustion of administrative remedies issue. The Court ordered Counts II, V, VII, VIII, IX, and X against the NIPSCO Defendants dismissed. No claims remained pending against the NIPSCO Defendants after the Court issued its Opinion and Order.

In their Motion, the NIPSCO Defendants state that the Plaintiffs have not sought relief from the Court's September 30, 2010, Opinion and Order and that all matters between the Plaintiffs and the NIPSCO Defendants have now been terminated. They request that the Court enter an order pursuant to Federal Rule of Civil Procedure 54(b), finding no reason for delay and directing the Clerk to enter judgment in their favor and against the Plaintiffs.

Rule 54(b) permits a district court, in a case involving multiple claims or parties, to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). "'Rule 54(b) permits entry of a partial final judgment only when all of one party's claims or rights have been fully adjudicated, or when a distinct claim has been fully resolved with respect to all parties.'" *Lottie v. W. Am. Ins. Co.*, 408 F.3d 935, 938 (7th Cir. 2005) (quoting *Factory Mut. Ins. Co. v. Bobst Group USA, Inc.*, 392 F.3d 922, 924 (7th Cir. 2004)). Rule 54(b) authorizes a district court to enter final judgment on a single claim only if that claim is separate from the claim or claims remaining for decision in the district court—separate not in the sense of arising under a different statute or legal doctrine—but in the sense of involving different facts. *Ty, Inc. v. Publ'ns Int'l Ltd.*, 292 F.3d 512, 515 (7th Cir. 2002) (explaining that, unless the facts are different, the appellate court would have to go over the same ground when the judgment

2

terminating the entire case is appealed); *see also Lottie*, 408 F.3d 938–39 ("We have insisted that Rule 54(b) be employed only when the subjects of the partial judgment do not overlap with those remaining in the district court."). "If there is a great deal of factual or legal overlap between the counts, then they are considered the same claim for Rule 54(b) purposes." *Horwitz v. Alloy Auto. Co.*, 957 F.2d 1431, 1434 (7th Cir. 1992). "Rule 54(b) allows appeal without delay of claims that are truly separate and distinct from those that remain in the district court, where 'separate' means having minimal factual overlap." *Lottie*, 408 F.3d at 939. "These requirements are designed to ensure that the claim is distinct—the sort of dispute that, but for the joinder options in the Rules of Civil Procedure, would be a stand-alone lawsuit." *Factory Mut. Ins. Co.*, 392 F.3d at 924. This rule is properly "employed only when the subjects of the partial judgment do not overlap with those ongoing in the district court." *Id.*

The Court appreciates the desire of the NIPSCO Defendants to bring this case to an end, at least as far as they are concerned. However, the norm in litigation is "one appeal per case." *United States v. Ettrick Wood Prods., Inc.*, 916 F.2d 1211, 1218 (7th Cir. 1990); *Horn v. Transcon Lines, Inc.*, 898 F.2d 589, 592 (7th Cir. 1990) (noting that the norm "prevents duplicative and time-consuming appeals"). Under Seventh Circuit precedent, a Rule 54(b) judgment must be supported by specific reasons showing that an immediate appeal is truly appropriate, *United States v. Ettrick Wood Prods., Inc.*, 916 F.2d 1211, 1218 (7th Cir. 1990), and the NIPSCO Defendants have not shown that it is truly appropriate here. The facts alleged by the Plaintiffs as to the Lake County Defendants and the NIPSCO Defendants overlap, and the Court of Appeals would have to go over much of the same ground if it were to review a partial judgment involving claims against the NIPSCO Defendants now and a final judgment

terminating the entire case against the Lake County Defendants later. This is readily apparent from a quick review of five of the counts in the Plaintiffs' First Amended Complaint [ECF No. 31]. In Count II, the Plaintiffs alleged conspiracy under 42 U.S.C. § 1983 against the Lake County Defendants and the NIPSCO Defendants. In Count V, the Plaintiffs alleged racketeering and conspiracy under 18 U.S.C. § 1962(d) and Indiana law against the individual Lake County Defendants and the NIPSCO Defendants. In Count VII, the Plaintiffs alleged illegal conspiracy under 18 U.S.C. §§ 241, 242 and 42 U.S.C. § 1983 and Indiana law against all Defendants. In Count IX, the Plaintiffs alleged tortious interference with contractual, business, and/or services interests against all Defendants, and in Count X, they alleged emotional distress caused by reckless, intentional, and/or incident to breaches of a legal duty against all Defendants.

For the foregoing reasons, the Court DENIES the NIPSCO Defendants' Motion for a Fed. R. Civ. P. 54(b) Finding [ECF No. 108].

SO ORDERED on November 19, 2010.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT