IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| THOMAS N. SIMSTAD and | ) | |
| MARLA K. SIMSTAD | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 2:07-cv-407 |
| | ) | |
| GERALD SCHEUB, et al., | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

This matter is before the court on the Motion for Order to Show Cause [DE 174] filed by the plaintiffs on November 5, 2013. For the following reasons, the motion is **DENIED**.

*Background*

On August 6, 2013, the defendants deposed one of the plaintiffs' experts. During the deposition, the expert, Dennis Korchek, mentioned the name of a witness, Charles Sawochka, who allegedly heard statements that one of the defendants made about the plaintiffs. Sawochka worked for the plaintiffs approximately ten years earlier. A paralegal from defense counsel's law firm subsequently contacted Sawochka to set up an interview. Sawochka was interviewed by defense counsel and his paralegal in preparation for trial after discovery had closed. The plaintiffs argue that the defendants violated the Indiana Professional Rules of Conduct by conducting this interview.

*Discussion*

1

The plaintiffs allege that defense counsel contacted Sawochka to come in for an interview in violation of Indiana Rules of Professional Conduct 4.1, 4.3, 4.4, and 9.1. Rule 4.3 states:

> In dealing on behalf of a client with a person who is not represented by counsel, a lawyer shall not state or imply that the lawyer is disinterested. When the lawyer knows or reasonably should know that the unrepresented person misunderstands the lawyer's role in the matter, the lawyer shall make reasonable efforts to correct the misunderstanding.

Rule 4.4 states "[i]n representing a client, a lawyer shall not use . . . methods of obtaining evidence that violate the legal rights of such a person."

The plaintiffs argue that the defendants violated these rules because they invited Sawochka to come to their office to discuss the case after discovery closed and by misrepresenting their role in the litigation. It is their position that defense counsel's paralegal gave a vague introduction, stating that her firm was working on this matter, but did not identify which party the firm represented. The defendants then had Sawochka sign an affidavit. The plaintiffs argue that the defendants would not have otherwise been able to obtain this information because discovery had closed.

The defendants responded that Rule 1.16 states that it "[i]t is proper for a lawyer to meet and interview witnesses in preparation for trial." The Supreme Court also has explained that an attorney may interview witnesses without opposing counsel present. ***Hickman v. Taylor***, 329 U.S. 495, 510-511, 67 S.Ct. 385, 91 L.Ed. 451 (1947). In fact, the defendants argue that a lawyer must conduct such interviews because failure to do so can result in a malpractice claim. *See **Tri-G, Inc. v. Burke, Bosselman & Weaver***, 222 Ill.2d 218, 227 (Ill. 2006).

Sawochka previously worked for the plaintiffs, but his employment ended over a decade

before the interview occurred. He was not a party to the lawsuit, and the plaintiffs have presented no authority to show that it was necessary for them to be present at the interview. Rather, the Federal Rules allow an attorney to conduct such witness interviews. Furthermore, the plaintiffs have not shown that the fact discovery deadline terminates a parties' right to conduct such interviews.

The rules of professional conduct, however, do require a party to disclose his interest in a lawsuit and to reveal his involvement. Sawochka's affidavit states that he believed that the defense counsel was representing the plaintiffs and that "to the best of [his] recollection" their true involvement in representing the defendants was not revealed at the interview. The defendants' paralegal stated that she follows a standard protocol when interviewing witnesses, which included telling the witness her name, her employer, the case she is calling about, and the party she represents. She believed that she followed this protocol and told Sawochka that she represented the defendants. Moreover the circumstantial evidence suggests that Sawochka was aware that defense counsel did not represent the plaintiffs. He received an email from the plaintiffs stating that their attorney wanted to meet with him. Sawochka informed defense counsel of this meeting, met with plaintiffs' counsel, and forwarded his notes from the meeting with the plaintiffs' counsel. Although Sawochka now represents that he was confused, the evidence does not suggest that defense counsel knew or had reason to know that Sawochka did not understand their role, and therefore they did not violate Rule 4.3.

The plaintiffs also argued that the defendants violated Rule 9.1, which prohibits a non-lawyer from performing services without the direct supervision of a lawyer. However, the plaintiffs did not explain why they believed the defendants violated this rule. Ramage was

assisting defense counsel in preparing the case by conducting the interview for counsel.  Defense counsel had worked with Ramage before, knew she was a trained paralegal, and had no reason to believe she did not understand her role and ethical obligations.  The plaintiffs have not shown that a paralegal cannot conduct a preliminary interview, that the interview equates to unsupervised legal work, or that Ramage was not supervised.

The plaintiffs have not demonstrated that defense counsel violated any of the Rules of Professional Conduct.  For this reason, the plaintiffs' motion is **DENIED.**

ENTERED this 3rd day of February, 2014

/s/ Andrew P. Rodovich
United States Magistrate Judge