UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| THOMAS N. SIMSTAD, *et al.* | ) | |
|---|---|---|
| Plaintiffs, | ) | |
| v. | ) | 2:07-cv-407 |
| GERALD SCHUEB, *et al.*, | ) | |
| Defendants. | ) | |

OPINION AND ORDER

This matter is before the court on the Motion to Compel [DE 207] filed by the defendants on February 24, 2014. For the following reasons, the motion is **DENIED.**

*Background*

The plaintiffs filed their original complaint in November 2007, and amended it on April 9, 2008. That same day, the plaintiffs served interrogatories, requests for production of documents, and requests for admissions on the defendants. On April 21, 2008, the defendants filed a motion to dismiss and a motion to stay discovery. The court granted the motion to stay on April 29, 2008, pending ruling on the motion to dismiss. The court denied the motion to dismiss in part and reopened discovery on December 3, 2010. The discovery deadline was set for September 30, 2011. At this time, the court directed that the defendants' response to the plaintiffs' outstanding discovery requests were due no later than January 3, 2011. The defendants did not respond to the outstanding discovery and did not conduct any discovery of their own. Likewise, the defendants' answer to the amended complaint was due on October 14, 2010, but the defendants did not file an answer to the amended complaint.

1

On November 9, 2012, the then *pro se* plaintiffs filed a motion to re-open discovery. The defendants opposed this motion. The plaintiffs pointed out that the defendants had not responded to their outstanding discovery requests. The defendants acknowledged this and continued to oppose re-opening discovery. The plaintiffs' motion was denied.

On September 11, 2013, the plaintiffs filed a notice informing the court that by failing to respond, the defendant admitted to the statements in the amended complaint and request for admissions as a matter of law, and that the plaintiffs intended to use those admissions at trial. On September 23, 2013, the defendants filed a motion for leave to file a belated answer to the amended complaint and to set aside the deemed admissions. The district court held a scheduling conference on January 3, 2014, at which it granted the defendants' motion. On January 9, 2014, the district court issued an Order, explaining that it granted the defendants' motion because they demonstrated excusable neglect. The district court stated that the two-and-one-half-year period during the pendency of the motion to dismiss and the change of attorneys may have contributed to the oversight. The court further noted that any prejudice the plaintiffs would suffer could be reduced by reopening discovery, and that the court favored a trial on the merits. At the scheduling conference, the plaintiffs questioned whether discovery was re-opened for the plaintiffs or all parties. The district court responded that this issue could be taken up with the magistrate judge.

*Discussion*

The parties dispute whether discovery should be opened for the plaintiffs only or both parties. Generally, the discovery deadlines only are extended if the parties have complied with Federal Rule of Civil Procedure 16(b), which provides that a schedule shall not be modified

except upon a showing of good cause and by leave of the court. *See also* ***Campania Management Co., Inc., v. Rooks, Pitts & Poust***, 290 F.3d 843, 851 (7th Cir. 2002); ***Briesacher v. AMG Resources, Inc.***, 2005 WL 2105908 at *2 (N.D. Ind. Aug.31, 2005). Good cause sufficient for altering discovery deadlines is demonstrated when a party shows that, "despite their diligence, the established timetable could not be met." ***Tschantz v. McCann***, 160 F.R.D. 568, 571 (N.D. Ind. 1995).

The district court did not decide whether discovery would be re-opened for all parties or just the plaintiff. As the plaintiffs point out, the district court re-opened discovery to reduce their prejudice. The plaintiffs intended to rely on the statements that were deemed admitted as a matter of law and did not conduct further discovery for this reason. Moreover, the plaintiffs could not have conducted discovery on the defendants' answer to the amended complaint before it was filed or any additional discovery arising from their initial discovery requests before the defendants responded. Certainly, this demonstrates good cause to extend the discovery deadline on their behalf.

The defendants, on the other hand, could have taken the depositions they now desire to take prior to the expiration of the discovery deadline because they neither were relying on the admissions of the plaintiffs nor were they waiting on responses to discovery which would direct them on how to proceed with any additional discovery. Furthermore, the defendants previously opposed re-opening discovery although they had not conducted any discovery at the time.

The defendants argue that the court already has determined that their error was excusable neglect, and for this reason they should be able to conduct discovery, insisting that it would be unfair to allow only one side to proceed. Although it may be understandable how the defendants overlooked filing an answer or responding to discovery given the delays in this matter, they have

provided no justification for failing to conduct any discovery during the discovery period. The defendants were aware of the discovery deadlines, which were re-set after the delay, yet they did not proceed with any depositions, and have offered no explanation for this failure. Therefore, the defendants have not demonstrated good cause to extend the discovery deadline on their behalf. Although it is uncommon for the court to extend the discovery deadline for one party only, the defendants should not be rewarded by their repetitive failures to comply with the court deadlines. The defendants had multiple opportunities to conduct the depositions, and absent any justification, the court will not re-open discovery for the defendants.

Based on the foregoing reasons, the Motion to Compel [DE 207] is **DENIED.**

ENTERED this 9th day of June, 2014

/s/ Andrew P. Rodovich
United States Magistrate Judge