UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION


THOMAS N. SIMSTAD and            )
MARLA K. SIMSTAD,                )
                                 )
        Plaintiffs,              )
                                 )
    v.                           )        CASE NO.:  2:07-cv-407
                                 )
GERALD SCHEUB, *et al.*,         )
                                 )
        Defendants.              )

OPINION AND ORDER

This matter is before the court on the Motion for Leave to Take Deposition [DE 232]

filed by the plaintiffs on August 20, 2014.  For the following reasons, the motion is **GRANTED.**


*Background*

On January 9, 2014, Judge Joseph Van Bokkelen issued an order that re-opened

discovery until July 3, 2014.  On June 9, 2014, this court issued an order denying the defendants'

motion to compel, explaining that discovery was re-opened for the plaintiffs only.  The plaintiffs

and defendants coordinated dates with the witnesses to conduct their depositions, and the

depositions all were scheduled between June 11 and June 16.  Less than a week before his

deposition, non-party witness Wilbur Cox informed the defendants' counsel that he was not

available on his deposition date or any other date during the week of June 16.  Because Cox was

an important witness, the plaintiffs agreed to reschedule his deposition for June 16, the same day

as non-party Stan Simms' deposition.  As a result, Simms' deposition had to be taken off the

calendar.  The plaintiffs state that it was their understanding that Simms' deposition would be re-

scheduled.

1

The plaintiffs contacted the defendants on July 25, 2014, to discuss re-scheduling Simms'
deposition. The defendants' counsel stated that he would not agree to re-scheduling Simms'
deposition past the July 3, 2014 discovery deadline. The plaintiffs now move for leave to
conduct Simms' deposition.

*Discussion*

Under Federal Rule of Civil Procedure 16(b), the court is required to issue a scheduling
order setting forth the deadlines for the parties to complete discovery and file motions. "A
schedule may be modified only for good cause and with the judge's consent." **Rule 16(b)(4).**
Good cause is shown when despite a party's diligence, the deadlines could not reasonably have
been met. *See **Link v. Taylor***, 2009 WL 281054, *2 (N.D.Ind. Feb.2, 2009).

Rule 16 allows the court to amend the discovery deadlines only upon a showing of good
cause. The plaintiffs argue that they have demonstrated good cause because they diligently
attempted to complete all of the depositions before the discovery period expired but were unable
to do so because of a last minute issue with a non-party witness. The defendants oppose the
motion because the plaintiffs did not make any effort to re-schedule Simms' deposition between
June 16 and July 3, and before for the close of the discovery deadline. The plaintiffs explain that
they delayed re-scheduling the deposition because they were unavailable to conduct the
deposition before July 3, 2014, and believed that the parties had an understanding that Simms
deposition would be re-scheduled because it was canceled to accommodate a non-party witness.

The court agrees that the plaintiffs have demonstrated good cause to conduct the
deposition. Although they did not attempt to re-schedule the deposition or move for an extension
of the discovery deadline before the July 3, 2014 deadline, Cox did not inform the parties that he
could not attend his deposition until one week before his deposition and shortly before the

discovery period expired.   The only reason Simms' deposition was canceled was to accommodate Cox.  It was reasonable for the plaintiffs to believe that Simms' deposition would be re-scheduled.  In light of this, and the short period of time between the deposition and the discovery deadline, the difficulty the parties originally faced in scheduling the depositions, and the plaintiffs' counsel's unavailability to conduct the deposition before the discovery deadline, the court finds that the plaintiffs have demonstrated good cause.  Moreover, the defendants have not argued that they would suffer any prejudice as a result of the untimely deposition that would not have been re-scheduled except to accommodate a non-party witness.  The plaintiffs should not be denied the opportunity to conduct all of the depositions they desired to conduct because the parties agreed to make an accommodation.

Based on the foregoing reasons, the plaintiffs' Motion for Leave to Take Deposition [DE 232] is **GRANTED.**

ENTERED this 10th day of October, 2014

/s/ Andrew P. Rodovich
United States Magistrate Judge