# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| Thomas N. Simstad and Marla K. Simstad, | ) |
| --- | --- |
| Plaintiffs, | ) |
| v. | ) Case No. 2:07-CV-407 JVB |
| Gerald Scheub et al., | ) |
| Defendants. | ) |

## OPINION AND ORDER

On May 19, 2014, Plaintiffs filed a Motion to Reconsider the Court's order granting Defendants leave to file an answer and withdraw admissions. Plaintiffs argue that the prejudice to them can no longer be cured by allowing discovery. Plaintiffs' argument relies heavily upon the fact that one of the members of the Lake County Planning Commission can no longer de deposed because he has passed away. Plaintiffs believe that this fact, coupled with the lack of a procedural requirement to warn the Defendants of their intent to rely on deemed admissions, compel the Court to reconsider and reverse its earlier ruling.

Although motions for reconsideration are not specifically authorized by the Federal Rules of Civil Procedure, the Seventh Circuit and this district apply Rule 59(e) standards to these motions. *Wagner v. Nutrasweet Co.*, 873 F. Supp. 87, 101–02 (N.D. Ill. 1994); *see also Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 n.9 (N.D. Ill. 1988). The Seventh Circuit has discussed the role of the motion to reconsider:

> A motion for reconsideration performs a valuable function where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court.

*Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citations omitted).

However useful motions for reconsideration may be, the problems that justify such motions "rarely arise and the motion to reconsider should be equally rare." *Id.* Motions for reconsideration "are not at the disposal of parties who want to 'rehash' old arguments . . . and such motions are not appropriate vehicles for introducing evidence that could have been produced prior to the entry of judgment or for tendering new legal theories for the first time." *Wagner*, 873 F. Supp. at 101–02 (citations omitted).

In their motion to reconsider, Plaintiffs do not present any new facts that were not available earlier nor any new law so as to compel a reconsideration of the Court's decision. The death of one individual to be deposed does not alter the factual framework this case is based upon. Nor have Plaintiffs shown that the Court has patently misunderstood them, or has made a decision outside the adversarial issues presented by the parties. The Court will not "rehash" old arguments and notes the "fundamental tenet of justice favoring the resolution of cases on their merits." *Schilling v. Walworth County Park & Planning Comm'n*, 805 F.2d 272, 273 (7th Cir. 1986) Accordingly, Plaintiff's Motion to Reconsider [DE 221] is DENIED.

SO ORDERED on November 13, 2014.

     s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE