# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| Thomas N. Simstad and Marla K. Simstad, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 2:07-CV-407 JVB |
| | ) | |
| Gerald Scheub et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## OPINION AND ORDER

Plaintiffs, Thomas N. Simstad and Marla K. Simstad, claim that Defendants, Lake

County, Indiana, and Gerald Scheub, Ned Kovachevich, William Lain, and Rick Niemeyer,

conspired to violate their rights and damage their business and property interests by illegally

impeding their development plans. (*See* Op. & Order, DE 105, at 2.) Plaintiffs have retained two

individuals to serve as expert witnesses regarding damages incurred as a result of Defendants'

alleged conspiracy. Defendants have challenged the admissibility of each expert's testimony

under *Daubert* and Rule 702 of the Federal Rules of Evidence. For the reasons outlined below

the Court denies Defendants motions [DE 240 and DE 242].


## A. Legal Standard

Rule 702 outlines the necessary conditions for expert testimony. Rule 702 requires that

the expert's testimony: (1) assist the trier of fact in understanding the evidence or determining an

issue; (2) be based on sufficient facts or data; (3) be the product of reliable principles and

methods; and (4) reliably apply the principles and methods to the facts of the case. *See* Fed. R.

Evid. 702(a)-(d). Whether expert testimony assists the trier of fact is a common sense inquiry.

The role of the judge is to ensure the other three requirements, known as the reliability requirements, are satisfied. *Stollings v. Ryobi Techs., Inc.*, 725 F.3d 753, 765 (7th Cir. 2013).

In this regard, this Court must determine whether the expert is providing testimony that is based on a reliable methodology and whether the expert considered sufficient data to employ the methodology. The Court must focus "solely on principles and methodology, not on the conclusions that they generate." *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 595 (U.S.1993). However, "conclusions and methodology are not entirely distinct from one another." *General Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997).

Court's anticipate that experts may provide conclusions that are subject to doubt or that other methodology may produce more reliable results. *See, e.g. Heller v. Shaw Industries, Inc*., 167 F.3d 146, 160 (3d Cir. 1999) (expert testimony cannot be excluded simply because the expert uses one test rather than another, when both tests are accepted in the field and both reach reliable results). Nevertheless, finding such testimony inadmissible is the improper course. Instead, a court allows "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof [as] the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert,* 509 U.S. at 596.

Rule 702 and *Daubert* both emphasize the role of the jury as the finder of fact. The Court must allow the jury to weigh the merit of an expert's testimony, provided that the testimony is within a layperson's sphere of understanding. *Metavante Corp. v. Emigrant Sav. Bank*, 619 F.3d 748, 762 (7th Cir. 2010) (finding that the criticism of the quality of an expert's testimony goes to weight, not admissibility). If the Court believes the jury cannot understand expert testimony sufficiently to assess its reliability, the Court may find it inadmissible to prevent confusion. *See*

*ATA Airlines, Inc. v. Fed. Express Corp.*, 665 F.3d 882, 896 (7th Cir. 2011) ("Evidence unintelligible to the trier or triers of fact has no place in a trial.").

## B. Analysis

Defendants have challenged the admissibility of two of Plaintiffs' expert witnesses: John Battle and Anthony Sindone. Both will testify on the issue of damages for Plaintiffs. Since the objections to each expert are unique they will be addressed individually.

### 1) *John Battle's Expert Testimony*

Defendants are seeking to exclude the testimony of John Battle for two primary reasons. First, Defendants contend that Mr. Battle's testimony is unreliable because he modified his initial report after mistakes were identified during his deposition. Defendants maintain that the modifications to Mr. Battle's original report render his methodology unreliable, thus making his testimony inadmissible. Second, Defendants argue that Mr. Battle's reliance on critical assumptions and information provided by Plaintiffs makes his methodology unreliable. Defendants primarily object to Mr. Battle's assumptions regarding the rate at which Plaintiffs could sell parcels of land and the estimated sale price of each parcel. Plaintiffs respond by arguing that all of Defendants' complaints are matters for the jury, not the Court. Plaintiffs are correct for three reasons.

First, it is not the Court's role to test or evaluate the reliability of Mr. Battle's assumptions. As the Seventh Circuit cautioned, "[t] he reliability of data and assumptions used in applying a methodology is tested by the adversarial process and determined by the jury." *Manpower, Inc. v. Ins. Co. of Pa.*, 732 F.3d 796, 808 (7th Cir. 2013). Defendants will have an

opportunity during the course of trial to highlight any perceived weaknesses in Mr. Battle's analysis. Consequently, this argument does not mandate exclusion of Mr. Battle's testimony.

Second, Defendants complaint regarding the revision of Mr. Battle's report goes to the quality of his testimony, not the admissibility of it. Defendants are free to expose Mr. Battle's revisions through "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof." *Daubert*, 509 U.S. at 596. Moreover, the jury will be able to comprehend the significance of this testimony and the Defendants' challenges to it.

Finally, Defendants overstate the disparity between Mr. Battle's two reports. In Mr. Battle's first report, he described a scenario where Plaintiffs damages totaled $2,930,000. (Mot., DE 243, at 5.) Mr. Battle admitted during his deposition that he failed to account for certain factors and drafted a second, revised report. The second report estimated $2,812,000 in damages. (*Id.* at 6.) A four percent downward adjustment from his original report suggests more of a refinement than a flawed methodology. To use these revisions as a basis for deeming the whole methodology unreliable is improper. The criticism of Mr. Battle's economic analysis goes to the weight of his testimony, not the admissibility, which is an issue properly left to the jury. Accordingly, the Court will permit Plaintiffs to call Mr. Battle as an expert witness.

### 2) *Anthony Sindone's Expert Testimony*

Defendants also challenge the expert testimony and reports of Anthony Sindone, another of Plaintiffs' damages experts. Defendants' primary complaints are that Mr. Sindone's testimony and report:

1) uses unsupported income projections;

2) reduces damages in an arbitrary fashion;

3) includes lost income on property after it was sold;

4) fails to consider whether the Plaintiffs' mitigated their losses;

5) fails to address the reasonableness of development; and

6) applies unsupported growth and inflation rates.

(Mot., DE 241, at 1.)[1]

These complaints, like the ones addressed above, focus on the quality of the expert's testimony, not the admissibility. As stated earlier, "[t]he reliability of data and assumptions used in applying a methodology is tested by the adversarial process and determined by the jury." *Manpower,* 732 F.3d at 808. Moreover, all these alleged weaknesses can be adequately addressed through cross-examination, presentation of Defendants' experts, and jury instructions on the burden of proof. As Judge Posner highlighted in *Apple, Inc. v. Motorola, Inc.*, "the judge should not exclude evidence simply because he or she thinks that there is a flaw in the expert's investigative process which renders the expert's conclusions incorrect. The judge should only exclude the evidence if the flaw is large enough that the expert lacks 'good grounds' for his or her conclusions." *Apple, Inc. v. Motorola, Inc.*, 2012 U.S. Dist. LEXIS 105387, at *17 (N.D. Ill. May 22, 2012) (Posner, J., sitting by designation) (citing *In re Paoli R.R. Yard PCB Litigation*, 35 F.3d 717, 746 (3d Cir. 1994)).

## C. Conclusion

Accordingly, Defendants' Motions to Exclude the Testimony of Plaintiffs' Expert Witnesses [DE 240 and DE 242] are DENIED.

---

[1] Defendants also noted in their Motion to Exclude Mr. Sindone's testimony that he double-counted legal fees and other costs in an earlier report. Both parties agree that mistake has been addressed in an amended report.

SO ORDERED on November 18, 2014.



                                                       s/ Joseph S. Van Bokkelen

-                                                JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE