# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| Thomas N. Simstad and Marla K. Simstad, | ) |
| --- | --- |
| Plaintiffs, | ) |
| v. | ) Case No. 2:07-CV-407 JVB |
| Gerald Scheub et al., | ) |
| Defendants. | ) |

## OPINION AND ORDER

Plaintiffs, Thomas N. Simstad and Marla K. Simstad, are real estate developers who allege that Defendants injured their property interest by failing to timely approve their proposed subdivision plans. Defendants were members of the Lake County Advisory Planning Commission (LCAPC), which sets land development policy for Defendant Lake County, Indiana. Both parties filed motions in limine which the Court now addresses.[1] Before addressing the motions, the Court will recount the lengthy and somewhat convoluted background of this case to provide context.

**A. Background**

In 2003, Plaintiffs acquired approximately thirty-eight acres of real property in an unincorporated area of Lake County, which they intended to develop into the Deer Ridge South Subdivision (Deer Ridge). State law and local ordinance require all land developers to submit a

---

[1] These rulings are preliminary and the parties may ask the Court to reconsider them as the evidence develops at trial. *See United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989) ("[A] ruling [in limine] is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the proffer. Indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling.") (quoting *Luce v. United States*, 469 U.S. 38, 41 (1984)).

primary plat, or subdivision plan, for approval. Land advisory committees, like the LCAPC, are bound by Indiana state law to approve a plat if it meets the applicable ordinance guidelines.

On November 30, 2004, Plaintiffs submitted their first Deer Ridge primary plat to the LCAPC. Defendants denied this primary plat and required the Plaintiffs to make numerous changes to their proposed plan. Defendants required the Plaintiffs to: (1) change the location of the entrance, (2) reduce the number of lots to lower the property density, (3) apply for an irregular lot waiver; (4) change the layout of one particular lot, (5) buy property adjacent to DEER RIDGE, and (6) install additional lanes in an adjoining road. Plaintiffs assert that Defendants denied this primary plat even though they knew Plaintiffs' proposal satisfied all applicable LCAPC ordinances.

In April 2005, Plaintiffs submitted their second primary plat, which incorporated some, but not all, of the revisions Defendants requested. Defendants were not satisfied with the revised plat because Plaintiffs failed to make all of the requested changes or submit the required waivers. Specifically, Defendants said that Plaintiffs must submit waiver requests for irregular lots and only having one subdivision entry point. Additionally, the Defendants relayed to Plaintiffs that the number of required waivers led them to believe a subdivision may not be the best use of the property. On May 19, 2005, Defendants deferred the decision on this proposed plat.

In August 2005, the Plaintiffs submitted their third primary plat for the Deer Ridge. Defendants again expressed doubts over whether the plat could satisfy all of the LCAPC ordinances. As a result of these doubts, the third plat was removed from the October 2005, LCAPC meeting agenda. Defendants again expressed their doubts on the feasibility of the third primary plat in November 2005. Defendants were concerned about nearby wetlands and informed Plaintiff that the third primary plat was denied for failing to comply with the LCAPC

ordinance. Defendants cited seven reasons for this denial. Specifically, Defendants found that Plaintiffs failed to make the following required changes:

1) Extend lot lines on Lots 2 through 10;

2) Change the depth and width ratio to 3.5:1;

3) Receive approval from the LCAPC for an alternative proposal;

4) Improve the other side of Clark Street, which the Plaintiffs did not own;

5) Request a waiver from an ordinance requirement;

6) Satisfy traffic and safety concerns regarding the health and welfare of adjoining property owners; and

7) Design their plat lot size consistently with lots in the surrounding area, which was significant due to problems in the area with private sanitary sewage treatment plants.

Plaintiffs allege that Defendants' rationale for denying the plat were fabricated and part of Defendants' larger conspiracy to deprive them of their rights.

As a result of this third denial, on December 15, 2005, Plaintiffs appealed the LPAPC decision and sought state judicial review of their decision. Plaintiffs argued that the LCAPC's actions were arbitrary, capricious, an abuse of discretion, and not in accordance with state law. The state court ordered the parties to mediate and Plaintiffs eventually reached a settlement agreement with Defendants' counsel. The most significant provision of the settlement agreement required Defendants to approve Plaintiffs' revised plat by August 16, 2006.

On August 16, 2006, the LCAPC voted to defer any action on the Plaintiffs' plat for thirty days. Following this, Plaintiffs filed a motion in state court to enforce the settlement agreement and the court ordered Defendants to approve the plat and issue any necessary permits. Defendants complied with the court order. The state court found that Defendants had acted in

bad faith by breaching the settlement agreement negotiated by their attorney. Additionally, the court held that governmental entities are not subject to sanctions under the Indiana Alternative Dispute Resolution Rules, but that Defendants must reimburse Plaintiffs' mediation costs.

Plaintiffs and Defendants both appealed this decision. The Indiana Court of Appeals consolidated the appeals and held that Defendants were immune from any sanctions under the Indiana ADR Rules and did not act in bad faith. *Lake County Trust Co. v. Advisory Plan Comm'n of Lake County*, 883 N.E.2d 124 (Ind. Ct. App. 2008). Both parties appealed.

The Indiana Supreme Court granted transfer of the case and found that governmental entities are not immune from the power of courts to impose sanctions under the Indiana ADR Rules. *Lake County Trust Co. v. Advisory Plan Comm'n*, 904 N.E.2d 1274, 1278 (Ind. 2009). More importantly, the Indiana Supreme Court found that "the Commission's failure to promptly approve the subdivision did not constitute bad faith conduct warranting sanctions." *Id.* at 1279. Additionally, the Supreme Court found that the settlement agreement was not binding on Defendants because the Indiana Open Door Law precluded Defendants' counsel from binding them to the agreement. *Id.* ("[T]his statutory scheme operates to preclude the delegation of plan commission authority for final approval of subdivision plats, but instead requires final approval by a majority of the commission members at meetings subject to the Open Door Law . . . The settlement agreement resulting from the mediation was thus not final until its approval by a majority of [the LPAPC] at a public meeting, the Commission's failure to promptly approve the subdivision did not constitute bad faith conduct warranting sanctions.").

## B. Plaintiffs' Motion in Limine

Plaintiffs' Motion in Limine (DE 248) asks the Court to exclude testimony or evidence on three matters: (1) evidence regarding the decisions of the Indiana Court of Appeals or Indiana Supreme Court; (2) evidence relating to remonstrators' complaints against Deer Ridge; and (3). evidence or testimony related to prior litigation they have been involved with. For the reasons discussed below, Plaintiffs' motion is granted in part and denied in part.

Plaintiffs contend that the decisions of the Indiana Court of Appeals and the Indiana Supreme Court have no bearing on this trial. Plaintiffs are correct that those issues adjudicated in state court are decided and cannot be relitigated here, and Defendants agree with Plaintiffs. Defendants further assert that this excludes any discussion of "bad faith" on their part related to the settlement agreement. Defendants are also correct. It would be confusing to the jury if the Court excluded evidence of the state court decisions, but then allowed Plaintiffs to argue that Defendants exhibited "bad faith" in abiding by the terms of a settlement agreement. This confusion would be amplified because the settlement agreement did not bind the Defendants. Accordingly, neither party can present evidence or testimony regarding the state court decisions and Plaintiffs shall not assert Defendants acted in "bad faith" for not abiding by the terms of the settlement agreement.

Next, Plaintiffs contend that the complaints of the remonstrators, those who spoke in the public meeting against the Deer Ridge plat, should be excluded. Plat approval in Indiana is governed by specific criteria laid out in local ordinance. Plaintiffs contend that the remonstrators' complaints are irrelevant because they do not address the standards in the applicable ordinance. Defendants contend that this is relevant as it could have influenced their decision. Defendants are correct. Plaintiffs will likely present evidence on the subdivision ordinance and explain how their

proposals satisfied the ordinance. If Defendants allege that they did not approve the proposed plat because of remonstrators' complaints, even though the plat satisfied all applicable ordinances, Plaintiffs will not be unfairly prejudiced and can address this incongruity on cross-examination.

Plaintiffs also seek to exclude any evidence relating to their prior litigation experiences. Defendants agree to this, with one qualification. As all rulings are preliminary, the Court grants Plaintiffs' motion in limine regarding past litigation, subject to Defendants' qualification.

**C. Defendants' Motion in Limine**

Defendants' Motion in Limine (DE 250) asks the Court to prohibit testimony or the presentation of evidence on the following matters:

1) Whether Defendants acted in bad faith regarding the negotiations, approval, or delay of approval of the settlement agreement[2];
2) Whether Defendants' violated Indiana's Access to Public Records Act ("APRA");
3) Previous convictions of certain Lake County officials;
4) Lake County's self-insured status or the indemnification of LPAPC members;
5) Discovery disputes or sanctions between the parties;
6) the July 2006 settlement agreement;
7) Plaintiffs' state law claims;
8) Lay testimony on the Plaintiffs' alleged damages;
9) Previously dismissed claims and the parties' motions in limine; and

---

[2] The Court ruled on the issue of bad faith in addressing Plaintiffs' Motion in Limine. As discussed above, no evidence concerning "bad faith" in failing to abide by the settlement agreement may be introduced. The Court will refrain from rehashing its reasoning again.

> 10) Defendants' interactions or conversations with the Federal Bureau of Investigation.

Defendants assert that any evidence or testimony concerning their alleged violation of the APRA should be excluded. Defendants argue that the remedy for violating the APRA is in state court. Defendants are correct regarding the remedy for a violation of the APRA, but evidence of an alleged APRA violation is admissible nevertheless. Evidence of withholding public documents may be admissible to prove motive or intent of the Defendants. Accordingly, Defendants' motion is denied regarding their alleged APRA violation.

Next, Defendants argue that any mention of Lake County's self-insured status or indemnification of individual Defendants as well as any mention of discovery disputes or sanctions should be excluded. As none of these issues address a fact of consequence in this case, Defendants' motion is granted concerning these issues.

Defendants also seek to exclude any evidence or testimony concerning the July 2006 settlement agreement. Defendants argue that it should be excluded on the basis of Rule 408(a). Plaintiffs counter that the denial of the settlement agreement speaks to intent or motive of the parties. Yet, as the Indiana Supreme Court found, "the settlement agreement resulting from the mediation was [] not final" until approved by the Defendants. Consequently, the "settlement agreement" was simply another revised plat that the Defendants deferred ruling on at the August 16, 2006, meeting. Any mention of this non-binding settlement agreement would be misleading and tend to confuse the jury on the true issues of this case. As a result, the Court grants Defendants' motion regarding the July 2006 settlement agreement.

Next, Defendants seek to exclude Plaintiffs' state law claim due to an alleged failure to provide notice as required by the Indiana Tort Claims Act. This is troubling for two reasons.

First, Defendants did not assert this affirmative defense in their Answer. (Ans., DE 208, at 40.) Second, Defendants are seeking a dispositive ruling on a claim through a motion in limine. Clearly, a motion for summary judgment or a directed verdict is a more appropriate venue to seek a dispositive ruling on a claim. Nevertheless, Defendants' argument fails on the merits. Plaintiffs' case is analogous to *Lake Station v. State*, 558 N.E.2d 824 (Ind. 1990), where the Supreme Court of Indiana found a parties claim did not accrue until the government agency made a decision. The rationale there, that "government bodies [could] immunize themselves from tort claims simply by delaying a decision until the 180-day notice period expires," is equally applicable here. Accordingly, Plaintiffs' state law claim remains an issue for trial.

Defendants also seek to exclude any lay testimony from Plaintiffs on the issue of damages. While experts are best suited to explain and estimate damages, it would be improper for the Court to try and limit Plaintiffs' personal testimony on damages before trial. Plaintiffs may generally discuss the damages they suffered, namely a delay in developing and selling their property, without impugning on territory best handled by expert witnesses. The Court takes this issue under advisement.

Finally, Defendants requested the Court to exclude any evidence concerning previously dismissed claims, each party's motion in limine, and one Defendant's contact with the Federal Bureau of Investigation. Plaintiffs do not object to these three requests. Accordingly, the Court grants Defendants' motion in part regarding these three issues.

**D. Conclusion**

For the reasons discussed above, the Court grants in part and denies in part Plaintiffs' Motion in Limine (DE 248) and grants in part and denies in part Defendants' Motion in Limine (DE 250).

SO ORDERED on November 25, 2014.

s/ Joseph S. Van Bokkelen  
JOSEPH S. VAN BOKKELEN  
UNITED STATES DISTRICT JUDGE