UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| Thomas N. Simstad and Marla K. Simstad, <br><br> Plaintiffs, <br><br> v. <br><br> Gerald Scheub, et. al., <br><br> Defendants. | Civil Action No. 2:07-CV-407-JVB |

**OPINION AND ORDER**

On December 10, 2014, after an eight-day trial, a jury returned a verdict in favor of Defendants on Plaintiffs' Equal Protection class-of-one claim. (DE 293) On December 19, 2014, Defendants submitted a bill of costs totaling $18,986.17. (DE 295) These fees can be broken down into four primary categories: (1) fees service of summons and subpoena; (2) fees paid to a court reporter for any transcripts necessarily obtained for the case; (3) fees for witnesses; and (4) fees for exemplification and copies of papers necessarily obtained for use in the case. Plaintiffs subsequently filed a motion objecting to the Defendants' court reporter fees associated with daily trial transcripts, copying fees, and also requested a stay in the enforcement of costs pending the outcome of their appeal. (DE 302) For the reasons outlined below, the Court grants a stay in the enforcement of costs and grants in part and denies in part Plaintiffs' motion.

**A. Background**

Plaintiffs are subdivision developers that felt Defendants, who are all members or employees of the Lake County Planning Commission, violated their rights under First

Amendment, the Equal Protection Clause, and Indiana state law. At trial, Plaintiffs' case-in-chief lasted the better part of five days. At the conclusion of Plaintiffs' case, Defendants moved for judgment as a matter of law, pursuant to Rule 50(a), on all three of Plaintiffs' remaining claims. The Court granted in part and denied in part Defendants' motion. The Court dismissed Plaintiffs' First Amendment retaliation claim and state law claim. This left Plaintiffs with only an Equal Protection class-of-one claim and the jury eventually returned a verdict on this claim in Defendants' favor. Defendants procured a copy of the daily transcript for each day of the trial. Plaintiffs' motion objecting to costs argues that the costs for obtaining daily transcripts of the trial and all of the copying costs are not recoverable under Rule 54(d).

Plaintiffs provide four reasons in support of their argument for the denial of daily transcription costs. First, Plaintiff contends that the Court and both parties acknowledged that "the facts of the case were not complicated," thus making the daily transcripts unnecessary. (DE 302, Pl.s' Mot., at 4.) Next, Plaintiffs insist that Defendants did not need the daily transcripts to make a motion for judgment as a matter of law. (*Id.*) Third, Plaintiffs assert that the daily transcripts may have been convenient for Defendants to use in preparation for other witnesses and closing arguments, but were not necessary. (*Id.*) Finally, Plaintiffs maintain that Defendants primarily used the daily transcripts as a demonstrative exhibit during their closing argument, which bolsters their argument that they were convenient, but again, unnecessary. (*Id.*) As a result, Plaintiffs ask the Court to find the daily transcript costs unrecoverable under Rule 54(d) and reduce Defendants' Bill of Costs by $10,436.25. (*Id.*)

Plaintiffs' argument regarding Defendants' copying or exemplification costs is much more straightforward. Plaintiffs contend that Defendants have provided sufficient information to allow the Court to determine whether an exemplification or copy was necessarily obtained for use in the case. (*Id*. at 5.) Plaintiffs insist that Defendants must provide more detail in their Bill

2

of Costs than an itemized list of copying charges and a supporting affidavit stating that the reproductions were necessary in preparing for trial. Thus, Plaintiffs request the Court to find Defendants' copying costs are not recoverable, or, in the alternative, "reduce the amount of copying costs significantly to eliminate unnecessary costs." (*Id.* at 5–6.)

Defendants responded by outlining three arguments to illustrate why the daily transcripts were necessarily obtained. First, Defendants contend that the complexity of the case necessitated the use of daily transcripts. (DE 303, Resp., at 4.) In pressing their argument, Defendants contend that the case was made more complex due to their failure to depose Plaintiffs and Plaintiffs' witnesses prior to trial. (*Id.*) Second, Defendants contend that they used these daily transcripts to formulate their Rule 50(a) motion, which was granted in part for the First Amendment retaliation claim and the tortious interference with a business relationship claim. (*Id.* at 4–5.) Lastly, Defendants claim the daily transcripts were necessary to challenge the scope of Plaintiffs' rebuttal testimony, particularly the testimony of Thomas Simstad. (*Id*. at 5.)

Defendants, in countering Plaintiffs' claim regarding the copying costs, respond by simply asserting they met Seventh Circuit's low burden for the recovery of copying costs. Defendants argue that they "have no records — nor are the required to provide any — which provide an exact itemization." (*Id.* at 7.) Plaintiffs contend that the document attached to their Bill of Costs, which accounts for the number of copies made, the cost of each copy, and the date those copies were made, should suffice.

### B. Legal Standard for Awarding Costs

Federal Rule of Civil Procedure 54(d) states that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorneys' fees—should be allowed to the prevailing party. Rule 54(d) generally creates a presumption in favor of awarding costs to the

prevailing party. *Myrick v. Wellpoint*, Inc., 764 F.3d 662, 666 (7th Cir. Ill. 2014). This presumption is generally overcome in only two scenarios: misconduct by the party seeking costs or the indigency of the losing party. *Mother & Father v. Cassidy*, 338 F.3d 704, 708 (7th Cir. 2003). Nevertheless, costs are only recoverable if the transcripts or copies were "necessarily obtained for use in the case." 28 U.S.C. § 1920 (2), (4). Consequently, a court deciding to award costs will undertake a two-part inquiry. First, the court will determine whether the costs are recoverable, and if they are recoverable, the court will then decide whether those costs were reasonably necessary to the litigation. *Deimer v. Cincinnati Sub-Zero Products, Inc.*, 58 F.3d 341, 345 (7th Cir. 1995).

The Court has tremendous discretion and considers a number of factors when deciding if a cost was necessarily incurred. *Cefalu v. Vill. of Elk Grove*, 211 F.3d 416, 428–429 (7th Cir. Ill. 2000). These factors include the complexity of the case, the reasonableness of the cost, and the court's personal knowledge of the case. *See, e.g., Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 234 (1964) (upholding a decision denying daily transcript costs based on the judge's "personal knowledge that this was not a complicated or extended trial"); *Majeske v. City of Chi.*, 218 F.3d 816, 825 n.3 (7th Cir. 2000) (taxing costs for a same-day transcripts when parties used it to prepare for direct examination, cross examination, and trial/post-trial briefs, even though a same-day transcript was more expensive than obtaining the transcript a few days later). *See also SK Hand Tool Corp. v. Dresser Indus., Inc.*, 852 F.2d 936, 943 (7th Cir. 1988) (describing the broad discretion of a district court in determining costs and describing how reasonableness of the cost is a significant factor). When determining if a transcript was necessarily obtained for use in the case, the court examines the facts known at the time the transcript was requested, without the benefit of hindsight. *Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 455 (7th Cir. 1998). A prevailing party cannot recover costs associated with a transcript requested for its own

convenience, but the transcript "need not be absolutely indispensable" to the litigation for the prevailing party to recover costs. *Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir. 1993). Notably, all of this analysis is undertaken in light of the heavy presumption in favor of awarding costs to the prevailing party. *See M.T. Bonk Co. v. Milton Bradley Co.*, 945 F.2d 1404, 1409 (7th Cir. 1991).

The court may tax "fees for exemplification and copies of papers necessarily obtained for use in the case." *See* 28 U.S.C. § 1920(4). *See, e.g., Haroco, Inc. v. Am. Nat'l Bank & Trust Co.*, 38 F.3d 1429, 1441 (7th Cir. 1994) (upholding the award of copying and exemplification fees on the basis of their reasonableness and necessity for use in the case). A court analyzes copying costs in the same manner as discussed above. Namely, that § 1920 only requires that the "copies be reasonably and prudently obtained—which depends on how things seemed when the expenditures were made, without the benefit of hindsight." *Nat'l Org. for Women, Inc., v. Scheidler*, 750 F.3d 696, 699 (7th Cir. 2014). The underlying documents do not need to be actually introduced at trial in order for the cost of copying to be recoverable. *Illinois v. Sangamo Const. Co.*, 657 F.2d 855, 867 (7th Cir. 1981). To recover these costs after trial a party is only required to provide "the best breakdown [of costs incurred] obtainable from retained records." *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991). Of note, 28 U.S.C. § 1924 provides that the party seeking costs must verify the claim by "an affidavit, made by [a] duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed."

C. Analysis

Plaintiffs contend that the daily transcripts ordered by Defendants for the entirety of the trial were completely unnecessary and that a greater level of detail is required to recover copying

5

costs. Plaintiff is incorrect on both issues. The case was sufficiently complex that the daily transcript was necessary for Plaintiffs' case-in-chief and rebuttal testimony. Additionally, Defendants provided a satisfactory level of detail regarding their copying costs. Nevertheless, some of Defendants' daily transcript cost is not recoverable because it was not necessarily obtained for use in the case. Namely, the daily transcripts for Defendants' case-in-chief were unnecessary as Defendants should have been aware of testimony that would be elicited from their own witnesses.

The factual complexity of the case and Defendants' stated intention before trial to make a Rule 50(a) motion, in lieu of filing a pre-trial motion for summary judgment, demonstrate the necessity of obtaining daily transcripts of Plaintiffs' case-in-chief. One example of the complexity of the case were the numerous disputes throughout Plaintiffs' case-in-chief over the powers of employees of the Lake County Planning Commission as compared to voting members of the Commission. Moreover, Plaintiffs' claims involved alleged conduct that took place almost twenty years ago, thus making it reasonably necessary for the Defendants to obtain daily transcripts.

More importantly, the purchase of the transcript, without the benefit of hindsight, was reasonably necessary for use in the case. Plaintiffs' argument that Defendants did not need or use the daily transcript in making their Rule 50(a) motion is irrelevant. The analysis of whether the daily transcript was reasonably necessary is only concerned with the time the transcript was obtained. Defendants' decision to purchase the daily transcripts in advance of making their Rule 50(a) motion was reasonable. Accordingly, Plaintiffs' motion, as it relates to the first five days of daily transcripts, is denied.

Nevertheless, Defendants' three arguments for why daily transcripts were necessary are unavailing when applied to the the transcripts obtained for their case-in-chief. Defendants argue

that they needed the daily transcript due to the complexity of the case, to help formulate their Rule 50(a) motion, and to limit the scope of Plaintiffs' rebuttal testimony. None of these justifications support why the daily transcript for their own case-in-chief was necessary. Consequently, Defendants' bill of costs for the daily transcript will be reduced by twenty-five percent to account for the two days of their case-in-chief. As a result, Defendants bill of costs for daily transcripts is reduced from $10,436.25 to $7,827.19.

Next, Plaintiffs allege that Defendants failed to provide the Court with any way to determine whether the copying costs were reasonably necessary for trial. A prevailing party is not required to submit a bill of costs with an economically-impractical amount of detail. *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 643 (7th Cir.) (finding prevailing party "was not required to submit a bill of costs containing a description so detailed as to make it impossible economically to recover photocopying costs"). Instead, Defendants are only required to show that copies were made for the case, billed in the normal course of an attorneys' practice, and not unreasonably costly when viewed in the context of the particular case. *Id.* As the Seventh Circuit has stated, "[n]o sensible legal system requires parties to waste $60 of lawyers' time to explain spending $6 on making a copy of something." *Scheidler*, 750 F.3d at 698. In this case, Defendant's attorney provided an affidavit certifying that the copying fees were correct, necessarily incurred, and attached a series of bills and invoices for the copies. (DE 295-2, at 1–2.) Defendant was not required to provide an affidavit for each copy, and the records provided by Defendant are sufficient to indicate that the copies were obtained for use in the case. Moreover, copying costs of $2,190.88 are reasonable in light of the length and complexity of the case. Accordingly, Plaintiffs' Motion, as it relates to copying costs, is denied.

### D. Conclusion

For the reasons discussed above, the Court grants in part and denies in part Plaintiffs' Motion for an Order Denying Costs and Staying the Enforcement of Costs (DE 302). First, the Court orders a stay on the enforcement of costs until Plaintiffs' appeal is concluded. Next, the Court grants Plaintiffs' motion as it pertains to the ordering of daily transcripts for Defendants' case-in-chief. The daily transcript costs for two days are not recoverable and Defendants' Bill of Costs is reduced by $2,609.06 to $16,377.11. Finally, Plaintiffs' motion is denied as it pertains to the other six daily transcripts obtained and Defendants' copying costs.

SO ORDERED on March 2, 2015.

    s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT